NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURICIO JOHEL BACA-
SILVA; NATALY SOFIA BACA-
SANCHEZ; GRETTEL ITZEL BACA-
SANCHEZ; KARLA GABRIELA
SANCHEZ-GOMEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-746

Agency Nos.
A220-988-953
A220-988-955
A220-988-956
A220-988-954

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2025[**]
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.

Mauricio Johel Baca-Silva, and derivative petitioners, Karla Gabriela

Sanchez-Gomez and their two children, natives and citizens of Honduras, seek

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' (BIA) affirmance of an immigration judge's order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review factual determinations for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)). Under the substantial evidence standard, we consider the BIA's findings of fact conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id*.

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal. Baca-Silva failed to establish any nexus between the harm he experienced or feared and a protected ground for relief.

For both his asylum and withholding of removal claims, Baca-Silva must show a nexus between his past harm or feared future harm and a statutorily protected characteristic. *See Rodriguez-Zuniga*, 69 F.4th at 1018. For asylum, an applicant must show that his membership in a particular social group (PSG) or political opinion was "one central reason" for his past harm. *Id.* For withholding of removal, the nexus showing is lower, requiring that the group membership or political opinion was only "a reason." *Id.*

Baca-Silva's proffered PSGs are "people residing in Honduras who defy gang demands," "Honduran residents who have witnessed gang crime and are potential informants," and "Honduran deportees and returnees to Honduras." He also asserts being "anti-gang" and "anti-machismo feminism" as allegedly protected political opinions.

The BIA found that Baca-Silva failed to prove that his suffering bears a nexus to any of the asserted protected grounds. The record does not compel a contrary conclusion. Baca-Silva cannot establish that any of his encounters with Honduran gangs were because of the asserted protected grounds rather than general criminal motivation. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). For instance, the abandoned break-in attempt at Baca-Silva's home by two unidentified men does not indicate that those men targeted or sought to harm Baca-Silva because of his membership in a particular social group. Likewise, a reasonable adjudicator could conclude the gang attack Baca-Silva suffered as a minor and the attempted break-in at his mother's home resulted from general criminal activity. The record also does not compel the conclusion that the Honduran police have persecuted or will persecute Baca-Silva based on his anti-machismo feminism, anti-gang political opinions, or his status as a "deportee and returnee to Honduras."

2.     Substantial evidence supports the BIA's determination that Baca-Silva failed to meet his burden to establish eligibility for CAT protection. To qualify for

CAT protection, Baca-Silva must show that it is more likely than not that he would be tortured if removed to Honduras. *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021); 8 C.F.R. § 208.16(c)(2).

The record does not compel the conclusion that Baca-Silva's encounter with the police, in which he was not physically harmed or detained, rises to the level of torture. Even considering Baca-Silva's past experiences in light of the country conditions evidence, the record does not compel a reasonable factfinder to conclude that Baca-Silva will more likely than not be tortured if returned to Honduras.

**DENIED.**